## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES JOHNSON,Pro se

\* \* \* \* \* \* \* \* \*

-vs-

UNITED STATES OF AMERICA

CASE NO:1:01-CR-394-01

JUDGE: HON,SYLVIA H.RAMBO

# 1:CV-05- 775

---

MOTION UNDER U.S.C.28 2255

**FILED**
HARRISBURG, PA

APR 18 2005

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

DATE: 4-14-05

JAMES JOHNSON,Pro se
# 09137-067

F.C.I. ALLENWOOD
PO.BOX.2000
WHITE DEER,PA.
17887-2000

## STATEMENT OF THE CASE:

1) Defendant was indicted by a grand jury on Dec 12,2001

2) Defendant was charge with violation of 18 U.S.C. §1791

3) The defendant was appointed Mr.Thorton of the federal public defendant office on **2001**

4) The defendant went to trial on **June, 2001** and the jury was hung on the verdict on **June, 2001**

5) The defendant was eventually found guilty in a second trial on Nov 6,02

6) The judge imposed a sentence of 55 months,and a $100.00 assessment fine.

7) The defendant filed an appeal on June 30,03

8) Defendant direct appeal was denied by (3cir) on April 20,04

## RELEVANT FACTS OF THIS CLAIM

1) Prior to trial, in the months of **2001-02** defense counsel Thorton advised the defendant that the crime he was charge with 18U.S.C. §1791 is and was not a violent crime under the guidelines,In addition,counsel advised the defendant that the sentence he would be facing upon trial would be **33-413months** ,and failed to advise the defendant he would be classified a career offender.

2) The Gov. offered the defendant a plea which included the sentencing range of 27-33 months prior to trial.see (ex) **B** .

3) The defendant rejected this plea based on the mistaken belief that the crime was not violent,and if he was convicted at trial he would only be facing a sentencing range of **33-41** months at a level 13(cat.6)and knowledge he would be sentenced as a career offender

4) The defendant mistaken belief regarding the crime being non-violent and sentencing range he would be facing if convicted at trial resulted due to counsel's Thornton error advice in which the defendant relied.

5) The defendant was again offered this plea on the day of trial and again rejected the plea based on his mistaken belief described in#3and4 above.

6) The defendant then proceeded to trial and was convicted after 2 trials and found guilty and sentenced to 55 months by the district court

In this Case, the Defendant's attorney Thornton, provided ineffective assistance of counsel prior to trial by misinforming the Defendant that his crime was non-violent and by misinforming him about the Sentencing Range he Faced upon being convicted at trial, and by Failing to inform the Defendant that he would be classified as a Career Offender if Convicted at trial.

Counsel Thorntons advice and Failure to inform the Defendant was incorrect, Deficient and False as well as it misled the Defendant. This in total, led to the Defendant rejecting the Government's plea offer.

Had the Defendant known that the Crime was a Violent Offense under U.S. v. Kenney, 3rd Cir. Nov. 7th, 2002 citing Luster, 305 F.3d at 202 and known that he would be Classified as a Career Offender if Convicted at trial, the Defendant would of accepted the Government's plea offer of   27-33 months      ___.
See Ex. A,B__. In addition had counsel gave the Defendant the correct advice, such as he would be Classified a Career Offender if convicted at trial, and the crime is a violent crime, and the Defendant would be Facing 51-63_ months upon conviction at trial, surely the Defendant would of accepted the Government's offer.

It should also be known that Thornton was also ineffective by Failing to be familiar with the relevant Case Law U.S. v. Kenney of the 3rd Cir., which clearly provides proof that the crime of which the Defendant was charged is considered violent. The case (U.S. v. Kenney) was published prior to the Defendant proceeding to trial and counsel's Failure to be familiar with it and it's relevance to the Facts of the Defendant's Case clearly establishes ineffective counsel.

The record provides proof at sentencing that counsel was clearly unfamiliar with the Law of U.S. v. Kenney, 3r Cir.


## LAW


Many Circuits have held that an attorney is considered ineffective if he does not know the relevant Law in relation to the Facts of the Case. Bridgeman v. U.S., 229 F.3d 589, 592 7th Cir,

U.S. v. Griffin 6th Cir. 330 F.3d 730.  In addition, many Circuits have held that an attorney that misinforms a Defendant is considered ineffective, if that misinformation is on a critical, decisive and material factor in the Defendant's Decision to accept the plea, and that information or advice is incorrect.  Sparks v. Sowders, 852 F.2d 882 6th Cir, See also U.S. v. Day, 969 F.2d 39, 46 3rd Cir. 1992, Wanatee v. Ault, 259 F.3d 700, 703 8th Cir.

In this Case, much like the Cases cited above, the Defendant was misinformed about the Sentencing Range he would face upon conviction at trial, and he was misinformed that the crime was non-violent, when in fact it was a violent crime, and was not informed that he would be classifed a Career Offender if Convicted at trial.

Counsel Thornton misadvised the Defendant prior to trial and this misadvice by counsel was on material factors in the Defendant's Decision to accept the plea offer.

The record at Sentencing provides proof that counsel, himself, was unfamiliar with the crime (instant offense) being a violent offense under the rule announced in Kenney of the 3rd Cir.  See Sentencing record at pg. 2 at 20 - pg. 3 1-11.

Clearly counsel believed that the instant offense was not a crime of violence and this led him to advise the Defendant that this offense would not place him at a Career Offender status.

Counsel was unfamiliar with the relevant Law of the 3rd Cir. and unfamiliar with the Case Law of U.S. v. Kenney, which clearly establishes ineffective assistance of counsel, under the Facts of this Case.  See Moore v. Bryant, 348 F.3d 7th Cir.  See also

Clearly as the record at Sentencing evidences, Had the Defendant known he would be classifed as a Career Offender Due to the crime (instant offense) being considered violent under U.S. v. Kenney, and had he known the crime was considered violent under U.S. v. Kenney of the 3rd Cir. when offered the plea by the Government, he would of accepted the plea offer by the Gov't and plead guilty and been Sentenced to 27██3months under the plea.

In Sum, absent Counsel's misadvice in which the Defendant relied, the Defendant would of accepted the Government plea.


## DEFICIENT PERFORMANCE

To establish an ineffective counsel claim under <u>Strickland</u>, and <u>Hill v. Lockhart</u>, the Supreme Court has established a 2 prong analysis:

1.    First, the Defendant must establish that Counsel's advice or conduct was Deficient and/or unreasonable.

2.    2nd, the Defendant must establish that absent Counsel's conduct, there is a reasonable probability the result would of been different, or he would of accepted the plea. See <u>Hill</u>; <u>U.S. v. Day, 969 F.2d</u>.


In this Case the Defendant has met the 1st prong by providing evidence that Counsel was clearly unfamiliar with the relevant Case Law (See Sentencing Record) and he was misinformed by Counsel about the crime being non-violent when in Fact it was considered a crime of violence under <u>U.S. v. Kenney</u>. See Ex.  **A**

In addition, Counsel Failed to advise the Defendant he would be considered a Career Offender if convicted at trial because Counsel himself was unfamiliar with the crime being considered and classified violent under <u>U.S. v. Kenney, 3rd Cir</u>. In addition, Counsel misadvised the Defendant prior to trial that his Sentencing Range upon conviction at trial would be **33-41** months, which was False.

Counsel had No Strategic Basis for Failing to research relevant Case Law and to be Familiar with the relevant Case Law as <u>U.S. v. Kenney</u>.

In addition Counsel advice to the Defendant about the Sentencing Range of **33-41 months** upon conviction at trial was based on the Failure of Counsel to be aware that the crime was violent under <u>U.S. v. Kenney</u>.

Counsel's Failure to be familiar with the Case Law
U.S. v. Kenney led to counsel misinforming the Defendant about
the crime being non-violent and led to counsel's Failure to
inform the Defendant that he would be classified a Career Offender
if convicted at trial.

Counsel clearly had No Strategic basis for Failing to advise
the Defendant correctly and for Failing to be Familiar with the
relevant Case Law.  This Clearly results in Deficient performance

## PREJUDICE

To establish prejudice under this particular Claim, one must
prove that had it not been for Counsels Deficiencies, or omissions
there is a reasonable probability that the result would of been
Different, or the Defendant would have accepted the plea.  See
Turner v. State, 858 F.2d 1201, 1205 also U.S. v. Day, 969 F.2d
39, 43, 45, 3rd Cir. citing Strickland v. Washington, 80 L.Ed 2d
674 (1984)., See also Hill v. Lockhart, 88 L.Ed 2d 203.

Also some Circuits require the Defendant to prove with objec-
tive evidence that he would of accepted the plea absent Counsel's
omissions, and Deficiencies.  See U.S. v. Day, 969 F.2d 39, 46.

In this Case the Defendant has provided proof that absent
Counsel's conduct he would have accepted the plea.  See Ex. A
In addition, had the Defendant been advised correctly by Counsel
about the offense being violent under U.S. v. Kenney of the 3rd
Cir., and had he been advised that he would be sentenced as a
Career Offender if convicted at trial, the Defendant would of
accepted the plea offer by the Government.  See Ex. A .

In addition to the Sworn Affidavits supporting the Defendants
position, this Court can look to the record at Sentencing after
trial as support of the Defendants position that he would of
accepted the plea absent Counsel's conduct.  See Sentencing
Transcript at pg. 6 (3-7), (8-13), (14-17).

In conclusion, the Defendant has provided that he was pre-
judiced as a result of Counsels conduct.  He has supported his
position with objective evidence that absent Counsel's conduct
he would of accepted the plea offer.  The Sentencing Record as
well as the Affidavits (Sworn) provides proof that the Defendant
was prejudiced as a result of Counsels Deficiences and advice.

### REMEDY

As a Remedy to Counsels conduct and the violation of the
Defendant's 6th Amendment right to effective counsel, the Defendant
requests this Court to reinstate the Government plea offer of
27-33    months and or Order the Government to re-
instate the Original Offer.

EX. A

# AFFIDAVIT

I, James Johnson, swear under the penalty of perjury that the
following is true and correct:

1.   Mr. Thornton advised me prior to the Plea Offer by
     the Government and Trial, that the Offense was
     Non-Violent.

2.   Mr. Thornton never advised me prior to the Plea Offer
     or Trial that I would be Classified a Career Offender
     if Convicted at Trial.

3.   Mr. Thornton advised me prior to the Plea Offer and
     Trial that if I was Convicted or Lost at Trial I would
     be Facing a Maximum of **33-41** months.

4.   Had I been correctly informed that the Offense was
     Violent and I would and could be Sentenced as a
     Career Offender if I Lost at Trial, I would of Accepted
     the Plea Offer by the Government.

5.   I would of also Accepted the Plea had Counsel Thornton
     Advised me that the Maximum Sentencing Range for the
     Offense if Convicted at Trial was **51-63 months**
     in which he Did Not inform me that the Range was this

---

James Johnson
Reg. No.
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA. 17887

## CLAIM TWO

Counsel Siegel was ineffective for failing to raise claim one regarding trial counsel's ineffective advice. During plea bargaining on direct appeal which resulted in the defendant's 6th amendment right to effective appellant counsel being violated.

In this particular instance the defendant's right to effective counsel on appeal was violated due to counsel failure to raise claim one, on direct appeal. Had counsel raised it the defendant's conviction would have been overturned on direct appeal and the defendant would have been resentenced to 27-33 months due to the attorney errors.

Appellant counsel had no strategic basis for failing to raise this claim as it is glaring in the record. Counsel on appeal should have raised this claim because the facts are in the record as well as the defendant assertions at sentencing about being misinformed about the maximum sentence he was facing as well as being misinformed and not informed that the crime was violent.

Appellant counsel's conduct of failing to raise the strong issue in #1 as opposed to the weaker issues he raised on direct appeal clearly constitutes ineffective appellant counsel.

## LAW

Under the 6th amendment, the right to effective counsel extends to the direct appeal stages. The Constitution guarantees that no indigent inmate is left without the assistance of counsel due to his financial status as a pauper, on appeal or during trial.

In addition, counsel has the obligation on appeal to review the record and raise obvious and significant issues on appeal.

See Mason vs. Hank 97 F.3d 887, 894, 7th cir.

Counsel in this case on appeal failed to raise the significant obvious issue on appeal that was 2255 motion should have been raised by counsel because the facts supporting the claim are in the record, See Banks vs. Reynolds 54 F.3d 1508, 1515-16 (10th cir.)

Clearly, counsel had no reasonable basis on appeal for failing to raise the claim one regarding trial counsel's ineffective advice in plea bargaining stages, since the facts supporting the claim are supported by the sentencing record.

There can be no strategic basis for appellate counsel omitting the meritorious issue described in claim one and raising weaker issues on appeal.

Had counsel raised claim one the result would have been different on appeal. The defendant would have been resentenced and his conviction would of been reversed.

In conclusion, the defendant requests this court to reinstate his direct appeal rights so that he can have a new appeal lawyer raise claim one since it is meritorious. This request is an adequate remedy foe the constitutional violation of his 6th amendment right to effective appellate counsel.

In the alternative, the defendant request this court to grant him relief on claim 1 since he would be released from custody quicker if claim 1 was ruled upon without the duplicate appeal process. The defendant has ___55___ months left and another direct appeal would keep him incarcerated for a longer duration.

## HEARING

The defendant also requests this court to grant him a hearing on this claim as well as claim 1 since he would be entitled to

relief if the facts are proven.

DATE: _4 - 14 - 05_


JAMES JOHNSON
#09137-067
P.O. BOX 2000
F.C.I.ALLENWOOD
WHITE DEER   PA 17887

EX.B

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.1:CR- |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| JAMES JOHNSON | ) | |

## P L E A   A G R E E M E N T

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant, as well as counsel for both parties, understand that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended, will apply to the offenses to which the defendant is pleading guilty, since those offenses were completed after the effective date of the implementation of the Guidelines.

1.  The defendant agrees to plead guilty to Count I of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 1791, possession of a knife in prison. The maximum penalty for the offense is imprisonment for a period of 5 years, a fine of $250,000.00, a term of supervised release to be determined by the court, as well as the costs of

prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts.

2. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case.

3. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be

2

twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

5.  If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

6.  The defendant understands that the Court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to Clerk, United States District Court. Counsel for the defendant shall provide a copy of the special assessment check to the United States Attorneys Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. A failure to make this payment, or to pay with insufficient funds, will be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges.

7.  The defendant agrees, as a part of this agreement, to

3

06/12/2002 12:11 FAX 7172214582          U S ATTORNEY              FPD HBG          ✗005

submit to interviews by the United States Attorney Office's
Financial Litigation Unit regarding the defendant's financial
status. Pursuant to Title 18, United States Code, Section 3664
(d)(3) the defendant also agrees to complete the required
financial affidavit, fully describing the defendant's financial
resources within 10 days of the guilty plea. The defendant will
submit the original affidavit, on forms prescribed by the
probation office, to the U.S. Probation Office with a copy to
this office.

8.  The United States Attorney's Office for the Middle
District of Pennsylvania agrees that it will not bring any other
criminal charges against the defendant directly arising out of
the defendant's involvement in the offense described above.
However, nothing in this agreement will limit prosecution for
criminal tax charges, if any, arising out of those offenses.

9.  Counsel for the defendant has affirmatively indicated to
the United States Attorney's Office that the defendant not only
wishes to plead guilty, but clearly demonstrates a recognition
and affirmative acceptance of responsibility as required by the
sentencing guidelines.  If the defendant can adequately
demonstrate this recognition and affirmative acceptance of
responsibility to the Government, the United States Attorney's
Office will recommend that the defendant receive a two-point
reduction in the defendant's offense level for acceptance of
responsibility.  The failure of the Court to find that the
defendant is entitled to a two-point reduction shall not be a

4

basis to void this plea agreement.

10.  At the time of sentencing, the United States will make a recommendation within the guidelines range prescribed for this offense that it deems appropriate and reserves the right to recommend the maximum sentence within the applicable guidelines range prescribed for this offense.

11.  With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the government agrees to recommend as follows: Pursuant to Section 2P1.2 of the Sentencing Guidelines, the government agrees to recommend that the defendant's offense, after credit for acceptance of responsibility, be offense level 11 and the defendant's Criminal History Category be VI, yielding a guidelines imprisonment range of 27-33 months. The defendant, however, specifically reserves the right to argue for a lesser sentence and guidelines imprisonment range and the defendant understands that none of these recommendations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.

5

12. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

13. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fifteen (15) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant understands that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

14. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to

6

the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

15.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 5 years, a fine of $250,000, a term of supervised release, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

16.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

17.  Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or response to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines

7

to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

18.  Nothing in this agreement shall bind any other federal, state or local enforcement agency.

19.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

20.  This document states the complete and only Plea agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

21.  The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., June 13, 2002, otherwise the offer shall be deemed withdrawn.

22.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District

8

of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

Dated _____          Defendant _____

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

Date _____          Counsel for Defendant _____

Date _____          United States Attorney _____

9

# PROOF OF SERVICE

I certify that on _4-14-05_ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

ASSISTANT U.S ATTORNEY
MARTIN CARLSON
Federal Building and Courthouse
(suite 220) 228 walnut street
P.O. BOX 11754
Harrisburg, P.A, 17108-1754

U.S. District
Court Judge RAMBO
228 walnut St
P O BOX 983
Harris, P A, 17108

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _4-14-05_ (date) for forwarding to the **District Court.** I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: _4-14-05_

JAMES (D)HASON - 04137-067

F. C. I ALENWOOD

P.O. Box 2000 . WHITE DEER, PA 17887

To: OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
JUDGE SYLVIA RAMBO
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, P.A 17108

FEDERAL CORRECTIONAL
INSTITUTION ALLENWOOD

# NEW CASE OPENING:

## CASE NUMBER:

1: cv-05-775

## JUDGE ASSIGNMENT:

Qambo / HBL.

## CASE CAPTION:

Johnson vs USA

## DATE FILED:

4/18/05