**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO: 1:01-CR-394-01 |
| | : | Judge: Sylvia H. Rambo |
| vs. | : | |
| JAMES JOHNSON, Pro Se | : | |
| Defendant | : | |

---

REPLY BRIEF TO GOVERNMENT ANSWER TO
THE 2255 MOTION

---

FILED
HARRISBURG, PA

JUN 0 3 2005

MARY E. D'ANDREA, CLERK
Per_____

DATE: May 27, 2005

James Johnson
#09137-067
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA. 17887

NOW COMES the Defendant herein Johnson respectfully asserts his Traverse response to the government answer to his 2255 petition. For the following reasoning herein the Defendant requests this Court to grant him the relief he requests and to deny the Government's attempts to Trample his allegations.

In the Government answer to his 2255 petition the Government alleges the following as a Defense to the Claims:

1. That Johnsons crime 18 U.S.C. (1791) was in Transition, regarding the application of carreer offender guidelines, in the Middle District of Pennsylvania.

2. The 3rd Circuit Court of Appeals had not Definitely addressed this question at the Time of Johnson's Trials.

3. Therefore the Government asserts counsel was not aware of the legal certainty relating to the application of the Carreer Offender guidelines to offenses like Johnson so he should not be considered ineffective.

4. Lastly the government asserts that counsel advised Johnson of the possibility that he would be classified as a Carreer offender and the crime was violent, and it was Johnson's choice to reject the government plea. See Gov't answer at pg 5-6.

1. At the outset, the government fails as a matter of law in overcoming the Petitioners allegations of fact.

First off, the law regarding crimes of violence applicable to the Guidelines under 4B1.2 (a)(2) was established in U.S. vs. Luster, 305 F.3d 199, 200 3rd Cir. 2002).

In that Case, the 3rd Cir. Court of Appeals stated a crime of violence for purposes of 4B1.2 (a)(2) "involves conduct that presents a serious potential risk of physical injury to another, by its nature." (Emphasis added)

In Luster, the Case facts involved a inmate charged with simple escape without any violence involved in the incident alone. The Court of Appeals 3rd Cir., found that by nature escape could potentially be violent.

Luster was followed by U.S. vs. Kenney of the 3rd Cir. Court of Appeals and Luster by itself established the precedent for determining how crimes classify themselves as violent.

The Luster Case was followed and used as an approach in determining how to decide Kenney, by the 3rd circuit. The Court in Kenney cited that Luster's propositioning factors illustrate that even a simple crime can be considered violent without actual violence involved in the incident.

On that note, it is clear that counsel's Failure to be Familiar with Luster Case and the Definition of 4B1.2 (a)(2), the commentary in application Note 1, prejudiced the Defendant because had counsel been aware of the Luster Case and Section 4B1.2 (a)(2) and advised the Defendant of his crime possibly being violent, the Defendant would of accepted the plea bargain offered by Government. See Record at Sentencing.

2.  Clearly, the Record provides proof that Counsel was clearly unaware at sentencing that the crime was possibly violent or that the Case U.S. vs. Kenney was pending relating to the offense conduct being considered violent. See Sentencing Record

at pg 8 (3-25). Counsel's affadavit declaration clearly contradicts his statements at sentencing whereas he states that he (Johnson) was tried both times under the impression that it was not a crime of violence . . . See Sentencing Record at pg 3 # 17-22.

Clearly Thornton advised the Defendant of this fact prior to both Trials and even advocated the Fact that Johnson was under the impression that the crime was non-violent prior to both Trials, on the record at sentencing. Surely if Thornton gave the Defendant advice that the crime was possibly violent prior to both Trials (as his Declaration alleges) he Definitely would not have advocated the Defendant's misimpression on the record at sentencing. The reason Thornton advocated the Defendant's impression on the record at sentencing on pg 3 at 17-22 is because Thornton knew his misadvice that the crime was non-violent led to the Defendant misimpression. In sum, Thornton gave this advice (False) prior to Both Trials, while knowing possibly the crime could be considered violent.

Thornton gave this advice then advocated the Defendant's misimpression on the record at sentencing at pg 3 at 17-22 and then contradicted these very same advocations later during the Sentencing Hearing at (pg 6 #21-25) stating that "He and Mr. Johnson Discussed that at the Time there was no clear 3rd Circuit Decision on the point that it could, or count not, be ruled a crime of violence . . . . ."

This statement by Thornton on the record at Sentencing came at a Time when the Defendant Johnson had complained about the advice he received from Thornton about the crime being non-violent

4

which led to him rejecting the government plea. Thornton simply protected himself on the record after witnessing the Defendant complain about his advice. This Court should Discredit or Disregard Thornton's statements on the record at Sentencing pg 6 at 21-25 because earlier in the Hearing (Sentencing) Thornton advocated the Defendant's misimpression because he (Thornton), at pg 3 at 17-22, gave the Defendant this advice that led to the misimpression that the crime was non-violent.

In addition, Thornton Failed to advise the Defendant he might be, or would be classified a Career Offender if convicted at trial. See Ex. E because Thornton was unaware of the crime possibly being considered violent. Clearly had Thornton advised the defendant of this Fact or possibility the Defendant clearly would of accepted the Government plea.

Thornton instead, advised the Defendant that the max he would face if convicted at trial is 33-41 months. This can be evidenced by the Sentencing Record where Thornton does not object to the Defendant's allegations about what he was told by Thornton. See Sentencing Record at pg 6 (8-17) Thornton conceded to the Defendant's allegations by not objecting and focused on his lie about the crime being possibly violent (could or could not be). Keep in mind earlier in the Sentencing Hearing he spoke in an advocating fashion about the Defendant's impression about the crime being non-violent, "because his advice led to the Defendant's impression," (Emphasis added).

5

In Conclusion, Thornton clearly Did Not advise the Defendant that the offense <u>could</u> be considered violent possibly due to the then existing Case Law during plea bargaining before both Trials. Thornton advised the Defendant the crime was non-violent and the max he would face if convicted at trial would be 41 months. In addition he Failed to advise the Defendant he would be classified a Career offender or that he would be enhanced if convicted at trial. The Defendant relied on his advice and was misled into believing the crime was non-violent and he would only be facing 41 months if convicted at trial. Thornton also was unaware of the Case Law of <u>U.S. vs. Luster</u> of the 3rd Circuit which was the basis of <u>U.S. vs. Kenney</u>.

## LAW

The Law in <u>Day vs. U.S.</u>, 969 F.2d 39 3rd Cir., states that one states a valid 6th Amendment Claim when counsel Fails to advise the Defendant that he might be classified Career Offender, or when counsel Fails to advise the Defendant of the potential maximum sentence.

Again, in this Case the evidence provides proof that Counsel Failed to advise the Defendant that he would be classified a Carreer Offender if convicted at trial and that the crime was violent under then existing Case law. In addition, Counsel advised the Defendant incorrectly that he would only Face a maximum Sentence of 41 months if convicted at trial.

The Defendant's sworn Affadavit supporting his initial 2255 motion Ex. A at 3, 4, 5, 2, 1, support the Defendant's allegations. Also the record at Sentencing provides proof that Thornton did give him this advice where Thornton advocates the impression, the Defendant was under, that the crime was non-violent see Sentencing Record pg 3 (17-22). Clearly Thornton gave the Defendant this misadvice, this is why he advocated the Defendant's impression.

In addition, Thornton Did Not object nor contradict the Defendant's complaints regarding his misadvice regarding the maximum sentence the Defendant faced if convicted at trial 41 months, nor did Thornton object when the Defendant stated he did not know he was going to be enhanced, at Sentencing. Sentencing pg 6 (8-17).

Thornton stood mute and chose to object to the alleged advice he gave regarding the offense being non-violent (could or could not be).

Thornton only objected because the Defendant complained about non being advised the crime was violent. However, Thornton earlier advocated the Defendant's belief the crime was non-violent mainly because he gave the Defendant advice the crime was non-violent. This Court should not credit Thorntons affadavit or his statements on the Sentencing Record at pg 6 (21-25) because these statements are contradicting to the record at sentencing where counsel Thornton Did Not object to the Defendant's variety of complaints at Sentencing regarding his advice. Moreover, the objection that was made was only to the specific complaint about the crime being non-violent, the advice counsel gave regarding the crime being non-violent.

7

In sum, the Court should discredit Thornton's affadavit because it lacks credibility.

It was clearly Deficient performance for Thornton to give the Defendant advice that the crime was non-violent, when the Law in <u>Luster</u> and other Circuits clarify the possibility that the crime could be violent. In addition, it was unreasonable for Thornton to give the Defendant advice he would only face 41 months if convicted at trial. Counsel had no strategic basis for giving this advice. Counsel did not object to the Defendant complaints regarding counsel giving him this advice on the record at Sentencing so this is true.

It was also unreasonable for Counsel to Fail to advise the Defendant that he would be classified a Career Offender if convicted at trial, or that he would be enhanced if convicted at trila.

### PREJUDICE

In <u>Day vs. U.S.</u>, 969 F.2d 39 (3rd Cir. 1992) at 46, the Court in Day held that one must prove with objective evidence that he would of accepted the plea absent Counsel's errors. . . .

In this Case, the Defendant's statements at Sentencing on pg 6 (3-11) clearly demonstrate that he would of accepted the plea offer, absent his counsel's conduct of misadvising him of the crime being non-violent and that his max was 41 months if convicted at trial, and if counsel had advised him he would be classified a Carreer Offender if convicted at trial, he would of Definitely accepted the plea.

8

The record at sentencing is the most compelling evidence that proof of the Defendant's allegations of prejudice.

## FINAL CONCLUSION

In conclusion, the Defendant asserts that Thornton's advice was Defecient, False and incorrect. Thornton's advice was on a material factors in the Defendant's Decision to accept the plea bargains. Thornton's advice misled the Defendant, which led to him rejecting the plea offers by the Government. The Defendant was misinformed as a result of Thornton's conduct. Thornton was ineffective for not being familiar with then existing Case law regarding the crime being possibly violent and for Failing to advise the Defendant about the possibility of the crime being violent. Clearly as a result of Thornton's conduct of misadvising the Defendant, the Defendant rejected the plea offer by the Government. The Defendant requests this Court to grant him an Evidentiary Hearing on the issues herein.

The Defendant also requests this Court to grant him relief by resentencing him to the initial plea offer from the Government as a result of the conduct of Thornton.

The Defendant also points out that he Did Not reject the Government plea because he was factually innocent of the charge. The Defendant asserts that his Declarations of Factual innocence Do Not prove hw would not have accepted the plea. Defendant's must claim innocence right up to the point of accepting a guilty plea, or they would lose there ability to make any Deal with the

Government. Reasons other than the Fact that he is guilty may induce a Defendant to so plead, . . . . he must be permitted to judge for himself in this respect." North Carolina vs. Alford, 27 L Ed 2d 162 (1970) cited in Griffin vs. U.S., 330 F.3d 735, 737, 6th Cir. 2003. Therefore, Declarations of innocence are not dispositive on the question of the reasons the Defendant here rejected the plea or would have accepted the plea.

In addition, the Defendant asserts he Did Not reject the plea because he had been selectively prosecuted, as Thornton alleges.

## AFFADAVIT

I, James Johnson swear under the penalty of perjury that the following is true and correct:

1. I relied on Thornton's advice that the crime was non-violent and the maximum sentence I would face if convicted at trial is 33-41 months. Thornton Gave me this advice and it misled me.

2. Had it not been for Thornton's advice which misled me, I would of accepted the plea prior to both trials.

3. Thornton never advised me I would be classified a Career Offender if convicted at trial, had I known that I would be classified a Career Offender if convicted at trial I would of accepted the plea.

4. Had I know that the crime was possibly violent I would of accepted the plea.

5.   Thornton never advised me that then existing Case law considers the crime possibly violent, we never discussed this.

6.   The material factors in my decision to reject the plea was the Fact the crime was not violent and the Fact that I was only facing 33-41 months at the max and also the Fact that I would not be Career Offendered.

7.   Thornton advised me incorrectly regarding the Factors Discussed in #6. Had I known my True Sentencing exposure if convicted at trial, and that I would be classified a Career Offender if convicted and that the crime was possibly considered violent, I would Definitely accepted the plea offer.

8.   The reason I did not further object on the record at Sentencing regarding Thornton's allegations that he and I discussed "There was no clear 3rd circuit Decision at that time that the crime could or could not be a crime of violence, see pg 6 at 21-25 of Sentencing Record, the reason I Did Not interject is because the Judge Rambo said that is another issue for another time . . . at pg 6 of Sentencing Record at 19, 21.

9.   Thornton's allegations in #8 on pg 6 of Sentencing Record at 21-25 is False and incorrect because he never Discussed this Fact with me or I would of accepted the plea. He specifically advised me the crime was non-violent and I would only face 33-41 months if convicted at trial and he never adivsed me I would be Classified a Career Offender if convicted at trial.

10.  The reasons I rejected the plea is because I was misinformed by Counsel that the crime was non-violent and that the

11

maximum if convicted is 41 months. I also was not advised that if convicted I would be Sentenced as a Career Offender.

11.   I did not reject the plea because of my assertion of being selectively prosecuted or because I was Factually innocent.

*[signature]*
James Johnson, Pro Se
Reg. No. 09137-067
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA. 17887

12

# PROOF OF SERVICE

I certify that on 5-27-05 (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

Assistant U.S. Attorney
Martin C. Carlson
228 Walnut Street (room 220)
Harrisburg, PA, 17108

Judge Sylvia Rambo
U.S. District Court
Middle District of PA
228 Walnut Street
P.O. Box 983
Harrisburg, PA, 17108

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 5-27-05 (date) for forwarding to the **District Court**. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: 5-27-05



JAMES JOHNSON - 04157-067
F.C.I Allenwood
P.O. Box 2000
White Deer, PA 17887

To: Judge Sylvia Rambo
U.S. District Court
Middle District of PA
228 Walnut Street
P.O. Box 983
Harrisburg, PA, 17108