UNITED STATES DISTRICT COURT
MIDDLE DISTICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES JOHNSON | : |
| | : |
| V. | : CIVIL #. 1:01-CR-394-01 |
| | : |
| | : JUDGE: RAMBO |
| UNITED STATES OF AMERICA | : |
| | : |

MOTION TO SUPPLEMENT CLAIM 1
WITH ADDITIONAL LEGAL SUPPORT

FILED
HARRISBURG, PA

JUL 25 2005

MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

DATE:

_____
JAMES JOHNSON
#09137-067
FCI Allenwood
P.O. Box 2000
White Deer, PA. 17887

The defendant Johnson, herein asserts that the case Law of the 6th Cir. in, Lewan Dowski v. Makel, 949 F.2d 884 (1991), clearly supports his position regarding claim 1 of the 2255 Motion.

In Lewandowski, the 6th Cir. found that the attorney was ineffective, for the attorney not recognizing that the case law of McMiller was inapplicable to Lewandowski. The Court further held that counsel was on notice that the Mathews case was established as precedent and cited as a change of Law, as a risk of a successful appeal was ineffective. see Lewandowski v. Makel, 949 F.2d 884 6th Cir. 1991, at page 888.

In this case, much like Lewandowski, attorney Thornton failed to advise the defendant of U.S. v. Luster, of the 3rd Cir. and failed to explain the basis and circumstances of how the 3rd Cir. classifies crimes violent under 4B1.2(a)(2). "Which involves conduct that presents a serious potential risk of phisical injury to another, by it's nature."

Clearly, if the 3rd Cir. in Luster found that a simple escape without any violence is cosidered violent, or potentially violent, then consel should have known that being charged with possession of a weapon could be considered "potentially violent by it's nature under Luster and/or presents a risk (potential) of physical injury to another.

Luster was established prior to U.S. v. Kenney and it is cited a precedent in Kenney. Therefore, much like counsel in Lewandowski, counsel Thornton was ineffective. He should have been aware of Luster and it's reasoning and application to case facts. This is not a case where counsel's actions are reasonable, because He was clearly

(2)

not aware of Luster as the record provides proof. Luster is the precedent of the current case facts not U.S. v. Kenney.

Therefore, this Court should find counsel ineffective much like the counsel in Lewandowski. Especially considering Luster was established prior to the plea offers, and clearly was the case precedent that the Kenney Court followed, and counsel definately was not aware of it, and did not advise the defendant of it.

In conclusion, the defendant requests this Court to grant him relief on his claims 1 and 2, for the reasons stated herein and earlier.

The Government will not be prejudiced by the Court's consideration of this Supplemental Legal Support.

Date:

James Johnson
# 09137-067
FCI Allenwood
P.O. Box 2000
White Deer, PA. 17887

(3)

# PROOF OF SERVICE

I certify that on  7-20-05  (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

Martin C. Carlson
First Assistant U.S. Attorney
P.O. Box 11745
Room 217 Federal Building
Harrisburg, PA, 17108

Sylvia Rambo
U.S. District Judge
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA, 17108

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on  7-20-05  (date) for forwarding to the **Court Of Appeals.** I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated:  7-20-05



FEDERAL CORRECTIONAL INSTITUTION ALLENWOOD

JAMES Johnson - 09137-067
F.C.I Allenwood
P.O. Box 2000
WhiteDeer, P.A, 17887

To: Sylvia Rambo
U.S. District Judge
U.S court house
228 walnut street
P.O. Box 983
Harrisburg PA, 17108