IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-01-394**
:
**v.** :
:
**JAMES JOHNSON** :

## MEMORANDUM AND ORDER

**I.**     **Introduction**

Before the court is a motion pursuant to 28 U.S.C. § 2255 filed by James Johnson. Johnson claims that his counsel, Thomas Thornton, was incompetent in not advising him that the crime with which he was charged was a crime of violence, thereby placing him in a career offender category. He claims that had he known of this, he would have accepted a non-binding plea agreement which provided a sentence of 27 to 33 months and not have gone to trial.

**II.**     **Background**

Johnson was charged with a violation of 18 U.S.C. § 1791 – possessing contraband in prison.[1] He went to trial on June 18, 2002, which resulted in a hung jury. At the second trial on November 6, 2002, Defendant was found guilty. He was sentenced to a term of imprisonment of 55 months. Johnson took a direct appeal which was denied on April 20, 2004. He filed the instant motion on April 18, 2005.

---

[1] The contraband at issue was a homemade knife.

**III.**     **Legal Standard**

To prove ineffective assistance of counsel, a defendant must show unprofessional conduct and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Unprofessional conduct means that (1) counsel's performance was, under all the circumstances, unreasonable under prevailing professional norms, *id.* at 87-91, and, unless prejudice is presumed, that (2) there is a reasonable probability that but for counsel's unprofessional errors the result would have been different. *Id.* at 694.

**IV.**     **Discussion**

A hearing on the motion was held on August 10, 2005. During the hearing, it became clear that Petitioner has apparently expanded his allegation from the general complaint that he was not advised that his crime was one of violence to the additional complaint that he was not advised that his sentence as a career offender could be 51 to 63 months.

Mr. Thornton testified that he explained to Petitioner that there was a split of opinion in the Middle District of Pennsylvania as to whether Petitioner's crime was a crime of violence. One judge who held it was not, Mr. Thornton advised, was the minority position and not the position of other courts of appeals – the Third Circuit not having addressed the issue at the time.[2] Thus, Johnson knew he risked facing an enhanced sentence. Johnson was also aware of the plea agreement in the offering. Mr. Thornton does not recall discussions with Johnson as to the mathematics (in terms of months) on the potential enhancement. Assuming, for

---

[2]In *United States v. Kenny*, 310 F.3d 135 (3d Cir. 2002), the Third Circuit Court of Appeals rendered a decision on November 7, 2002, one day after Petitioner's conviction, which held that inmate weapons possession is a crime of violence.

purposes of argument, that he should have done so, it is necessary to examine whether Johnson would have accepted the plea offer and entered a plea of guilty, and whether the court would have accepted the plea.

At the outset, the court notes that this is not a case where a defendant elected to stand trial because he faced a light sentence – Petitioner chose to go to trial because he claimed his innocence. Johnson went to trial twice, took the stand twice, and denied his guilt twice under oath.

At the August 10, 2005 hearing, Mr. Thornton testified that his client was adamant that he was not guilty. This insistence occurred over and over. At one point, Mr. Thornton testified that his client would plead to a misdemeanor if he could get a sentence of 18 months, only to follow up that offer by the insistence that he was not guilty.

At the August 10, 2005 hearing, Johnson was asked if he did possess the weapon in question. The following exchange occurred.

> A. I never fully possessed it, no.
>
> Q. You never fully possessed it?
>
> A. No.
>
> Q. Did you possess a knife at any time?
>
> A. No.
>
> Q. Did you tell Mr. Thornton that you never possessed a knife?
>
> A. Yes.
>
> Q. Did you understand that the charge here was a charge of possession of a knife?
>
> A. Yes.

| | |
|---|---|
| Q. | Did you understand that to plead guilty to the charge, you would have been asked by the judge if you had possessed a knife? |
| A. | Yes. |
| Q. | Did you understand that you would have been placed under oath when you were asked that question? |
| A. | Yes. |
| Q. | Did you understand that you would have had to admit under oath that you possessed a knife? |
| A. | No. |
| Q. | You didn't understand that you would have had to do that to plead guilty? |
| A. | No. |
| Q. | Have you pled guilty before in federal court to charges? |
| A. | Yes. |
| Q. | Okay. When you pled guilty before in federal court to charges in front of Judge Rambo, did she ask you if you did what was alleged? |
| A. | If I'm not mistaken, yes. |
| Q. | And didn't you have to tell her what you did? |
| A. | Yes, for acceptance of responsibility. |
| Q. | And weren't you under oath at the guilty plea when you told her that? |
| A. | Yes. |
| Q. | So you had prior experience here in this federal court and knew that to plead |

|    |    |
|----|----|
|    | guilty, you'd have to admit under oath that you had done the crime charged, didn't you? |
| A. | No, I thought at times you could plead guilty but you ain't have to admit guilt, that it was enough factual evident that you could no contest. |
| Q. | Well, the plea agreement that was offered to you wasn't a no contest plea agreement, was it?  It was a plea agreement that would have required you to plead guilty? |
| A. | I'm not sure of that.  I'm not – |
| Q. | Doesn't the first numbered paragraph in that plea agreement, the one that you attached to your motion, doesn't it say, "the Defendant agrees to plead guilty to Count 1 of the indictment?" |
| A. | Yes. |
| Q. | So the plea agreement you had would have required you to plead guilty, right? |
| A. | Yes. |
| Q. | And it would have required you to admit that you possessed the knife, right? |
| A. | Yes. |
| Q. | And you're telling me that you never possessed a knife? |
| A. | I've been telling you I was willing to take responsibility of that knife. |
| Q. | That's not my question.  My question is, were you willing to admit that you possessed the knife? |
| A. | Most likely, yeah, I would be willing to get it – to get the time I needed, yes, I would have probably. |

Q. Well, did you possess a knife? Did you?

A. No.

Q. So you would have been prepared to lie in order to try to get a plea agreement?

A. I would have been willing to say it was mine.

Q. And that would have been a lie if we're to believe you today when you say you never possessed a knife?

A. I said a long time ago I was willing to take responsibility for the knife. I said that a long time ago.

Q. Well let me ask you this. Mr. Thornton, when Mr. Thornton was representing you, he did a good job for you at trial, didn't he?

A. Yes.

Q. If fact, that case was tried twice, wasn't it?

A. Yes.

Q. He had a hung jury for you the first time?

A. Yes.

Q. Had you discussed with Mr. Thornton whether you possessed the knife, did you tell Mr. Thornton that you did not possess the knife?

A. Yes.

Q. Did you consistently tell him that you never possessed the knife?

A. Yes, but I told him I was willing to take responsibility of the knife on the same

>>amount of time I told him I did not possess it, I told him I'm willing to take responsibility for it though.

(Notes of Testimony at 13-17.)

It appears from the exchange above and Petitioner's position throughout this case that possession and a willingness to accept responsibility for the knife are two different elements. An acceptance of a guilty plea under Federal Rule of Criminal Procedure 11(b)(3) requires a finding of the factual basis for the plea. The charge in question has a factual element of "possession." Based on the discussion and testimony cited above, it cannot be said there was a reasonable probability that Johnson would have accepted the plea agreement where he was required to admit to an essential element of the crime – possession.

**V.        Conclusion and Order**

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

>>s/Sylvia H. Rambo
>>SYLVIA H. RAMBO
>>United States District Judge

Dated: August 12, 2005.